CONNOR *v.* HALL & COMPANY.

1. Where a private way is obstructed by one of several persons claiming the land over which the way is situated, a proceeding to remove the obstruction as a nuisance may be brought against the person who erected it, without joining the other claimants as co-defendants.

2. No question as to the jurisdiction of the recorder being raised, it is not apparent from the record that the court erred in affirming the judgment of the recorder and refusing to sustain the *certiorari.*　　　　　　　　　　　　　　　　　*Judgment affirmed.*

May 2, 1892. By two Justices.

Nuisance. Private way. Parties. Jurisdiction. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

By petition to the recorder's court of the city of Atlanta Hall & Company asked for an order requiring Mrs. Connor to abate an alleged private nuisance consisting of a high solid plank fence erected by her across the entire south end of an alley appurtenant to the property of petitioners and other citizens, and running south from Thurmond street to another alley known as Hall's alley. It was further alleged that the alley obstructed had been open and in use for about twenty years, has one house fronting on it, and is the way usually travelled from Thurmond street to Hall's alley, which has houses fronting on it and is a valuable appurtenance to petitioner's property. Mrs. Connor appeared and resisted the application, first interposing a plea to the jurisdiction of the court, which was overruled. (This recital appears in the recorder's answer, but the record discloses nothing further on the subject.) After a hearing the recorder "adjudged that the fence and other obstructions in and to the alley, as in plaintiffs' petition described and complained of, and as shown by the evidence, is and are a nuisance," and ordered that said fence and all obstructions to free passage be

v 89-17

by the defendant immediately removed, and the alley be left open and unobstructed, and upon failure of the defendant to remove the fence and other obstructions within ten days, the marshal of the city was ordered to remove them. The defendant, by petition for *certiorari*, alleged that this judgment was contrary to law and evidence; that the evidence showed conclusively that the fee simple title was in the heirs at law of Ed. Connor, deceased, none of whom were parties to this proceeding except Mrs. Connor, and three of whom are still minors, and hence the court had no right to pass upon this case without first having made all parties at interest parties defendant; and further, that the evidence did not show title to this property in the plaintiffs, nor that they had a prescriptive or other right of easement over the alley, nor that they had ever kept it in repair or attempted to do so, or in any other way acquired any right of way through it. The *certiorari* was overruled. The evidence was voluminous and conflicting.

SIMMONS & CORRIGAN, for plaintiff in error.

J. A. ANDERSON and SPEAIRS & ROAN, *contra*.