CONNOR *v.* HALL *et al.*

Where a person who was cited to appear before the recorder's court of the City of Atlanta to show cause why he should not abate a nuisance, appeared and among other defences pleaded to the jurisdiction of the court, and this plea was overruled and the case tried upon the merits and he was ordered to remove the nuisance, and he thereupon took the case to the superior court by *certiorari*, in which he did not assign error upon the judgment overruling his plea to the jurisdiction but complained of other alleged errors, and his *certiorari* was overruled and the judgment overruling it was affirmed by the Supreme Court, the judge of the superior court did not err in refusing to grant him an injunction to prevent the city marshal from executing the judgment by removing the nuisance. Brown on Jurisdiction, sec. 18, and note 2.

October 31, 1892.                    *Judgment affirmed.*

Before Judge RICHARD H. CLARK. Fulton county. At chambers, July 19, 1892.

The recorder of Atlanta rendered a judgment in favor of Hall *et al.*, upon their petition against Mrs. Connor, requiring the abatement of a nuisance consisting of a fence erected across the back end of a certain alley. On

the hearing before the recorder there was a plea to the jurisdiction, which was overruled by him.  There was no appeal upon that point, but the case was carried to the superior court by *certiorari* upon other points involved, and the judge of that court affirmed the judgment of the recorder.  His judgment was affirmed by the Supreme Court.  89 *Ga.* 257.  Afterwards Mrs. Connor filed a petition to enjoin the enforcing of the judgment, upon the ground that the recorder had no jurisdiction over the subject-matter of the controversy and no right to try the same, and the judgment rendered by him was absolutely null and void.  She alleged that if the recorder had any jurisdiction at all of the case, it was by virtue of the act of 1889 (Acts, page 815, section 9), which act was and is unconstitutional and in conflict with section four of article one of the constitution of 1877, there being a general law having uniform operation throughout the State, providing that the mayor, etc. of all cities and towns should have jurisdiction of the trial of nuisances in such cities and towns.  Code, 4095.  Defendants answered, among other things, that the recorder's court did have jurisdiction, and that the question as to the jurisdiction had been fully adjudicated, which adjudication was acquiesced in by Mrs. Connor.  At the hearing Mrs. Connor offered evidence tending to show that she and her children were the real owners of the alley, and that Hall *et al.* had no title of any kind to the alley, had not kept it in repair and had not used it for seven years.  The judge refused to hear the evidence, because upon an inspection of the record and the judgment of the Supreme Court in the case between the same parties, he decided that the whole matter was *res adjudicata.*  He ruled that the question of jurisdiction was settled by the former judgment, which was conclusive of every question that was made or might have been made, and denied the application for injunction.

SIMMONS & CORRIGAN, for plaintiff.

SPEAIRS & ROAN and J. A. ANDERSON, for defendants.